*Exhibit B*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GREGORY ALLEN LAIRD                    §
    *Plaintiff,*                          §
                                       §
V.                                     §          Civil Action No. 4:21-cv-00010
                                       §
HOWARD KEITH ROSVALL and               §
ATS SPECIALIZED, INC.                  §
    *Defendants.*                         §

## <u>INDEX OF MATTERS BEING FILED</u>

TO:   THE CLERK OF THE NORTHERN DISTRICT COURT OF TEXAS, FORT WORTH DIVISION

Defendants, HOWARD KEITH ROSVALL and ATS SPECIALIZED, INC., attach this Index of Matters Being Filed to their Notice of Removal.

1.      Docket Report/Case History for Cause No. CV32206;

2.      Plaintiffs' Original Petition and Discovery (filed December 8, 2020);

3.      Copy of Citation Served on Defendant ATS Specialized, Inc;

4.      Copy of Citation Served on Defendant Howard Keith Rosvall; and

5.      Defendants' Original Answer and Request for Disclosure (filed December 23, 2020).

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By:  */s/ Lynn S. Castagna*
     Lynn S. Castagna
     State Bar No. 03980520
     Lynn@texasdefense.com
     Chuck Shiver
     State Bar No. 00792832
     Chuck@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

**_VIA E-MAIL_**
Jon B. Olson
The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401

and in accordance with the Federal Rules of Civil Procedure, on the 5th day of January, 2021.

*/s/ Lynn S. Castagna*
Lynn S. Castagna

- 2 -

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/57820c522f915dd09330ff9e1dcd0798

## Case Information

# GREGORY ALLEN LAIRD VS. HOWARD KEITH ROSVALL,ATS SPECIALIZED, INC

CV36602

Location
Erath County - District Clerk

Case Category
Civil - Injury or Damage

Case Type
Motor Vehicle Accident

Case Filed Date
12/8/2020

## Parties 3

| Type | Name | Attorneys |
| --- | --- | --- |
| Petitioner | GREGORY ALLEN LAIRD | JON OLSON |
| Defendant | HOWARD KEITH ROSVALL | |
| Defendant | INC ATS SPECIALIZED | |

## Events 1

| Date | Event | Type | Filing Description | Documents |
| --- | --- | --- | --- | --- |
| 12/8/2020 | Filing | Petition | PL Laird's Petition | |

© 2021 Tyler Technologies, Inc. I All Rights Reserved
Version: 2020.12.0.3128





Filed for Record at
12/8/2020 8:49 AM
Susan Culpepper
Clerk of the 266th District Court
Erath County, Texas

CAUSE NO. _____   CV36602

| | | |
|---|---|---|
| **GREGORY ALLEN LAIRD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL COURT**   266TH |
| | § | |
| **HOWARD KEITH ROSVALL and** | § | |
| **ATS SPECIALIZED, INC** | § | |
| *Defendants* | § | **ERATH COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE AND ATTACHED DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES GREGORY ALLEN LAIRD**, hereinafter referred to by name or as

Plaintiff, and complains of **HOWARD KEITH ROSVALL** and **ATS SPECIALIZED, INC**

hereinafter referred to by name or as Defendant(s), and for cause of action would respectfully

show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

**1.**   Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS

RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

**2.**   Plaintiff **GREGORY ALLEN LAIRD** is an individual residing in Burnet County, Texas.

**3.**   Defendant **HOWARD KEITH ROSVALL** is an individual residing in Weber County,

Utah, and may be served with process at his residence, located at **5734 S 2325 West, Roy, Utah**

**84067** or wherever he may be found.

4.      Defendant **ATS SPECIALIZED, INC** is a Foreign For-Profit Corporation which may be served through its registered agent, National Registered Agents, Inc., can be served **1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.**

### III.
### JURISDICTION & VENUE

**5.**      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court.  Additionally, this Court has jurisdiction over the parties because Defendants are Texas residents and/or do business in the State of Texas.

**6.**      Venue is proper in ERATH County in this cause under § 15.002(a)(2) and § 15.005 of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of the lawsuit occurred in ERATH, County Texas.

### IV.
### FACTS

**7.**      On or about July 21, 2019, Plaintiff was driving a white 2018 Ford F150 on State Highway 220 in a prudent and lawful manner, when Plaintiff's vehicle suddenly, violently, and without warning was struck from the side the side by Defendant **HOWARD KEITH ROSVALL**, who was driving a 2017 Freightliner, pulling an oversized load on a yellow 2012 Trail King, in the course and scope of employment with **ATS SPECIALIZED, INC.**  As a result of the collision, Plaintiff sustained severe injuries.

### V.
### CAUSES OF ACTION AGAINST
### DEFENDANT HOWARD KEITH ROSVALL

  *A.*    *NEGLIGENCE*

8.      The occurrence made the basis of this suit, reflected in the above paragraphs, and the

*Plaintiff's Original Petition, RFD, with Attached Discovery*

resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant **HOWARD KEITH ROSVALL** who operated the vehicles he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

    a. failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c. operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

    d. failing to turn the vehicle in an effort to avoid the collision in question;

    e. failing to blow horn warning of imminent danger;

    f. improperly marking and driving with an oversized load;

    g. failing to maintain an assured, clear distance so as to avoid striking the vehicle to his side;

    h. failing to drive with due caution before entering and while driving on a narrow bridge with an oversize load;

    i. failing to have a lead vehicle or a following vehicle for his oversize load; and,

    j. inadequately marking, flagging or otherwise indicating that he had an oversize load.

9.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.**   *NEGLIGENCE PER SE*

10.     Further, Defendant failed to exercise the mandatory standard of care in violation of

V.T.C.A. Transportation Code, §545.052 pursuant to the negligence Per Se Doctrine which

mandates that:

> §545.052 Driving Past Vehicle Moving in Opposite Direction
>
> An operator moving in the opposite direction of the movement of another operator shall:
>
> > (1) move or remain to the right: and
> >
> > (2) on a roadway wide enough for not more than one line of vehicle movement in each direction, give the other operator:
> >
> > > (A) at least one-half of the main travelled portion of the roadway; or
> > >
> > > (B) if complying with Paragraph (A) is not possible, as much of the roadway as possible.

11.     Each of these acts and/or omissions, whether taken singularly or in any combination

constitutes negligence and negligence per se and gross negligence which proximately caused

the collision and injuries and other losses as specifically set forth herein.

**C.      GROSS NEGLIGENCE**

12.     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence.

Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross

negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE.

Defendant's conduct involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of

the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or

welfare of the Plaintiffs or others similarly situated.

13.     The above acts and/or omissions were singularly and cumulatively the proximate cause

*Plaintiff's Original Petition, RFD, with Attached Discovery*

of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## V.
## CAUSES OF ACTION AGAINST
## ATS SPECIALIZED, INC.

**A.**   *RESPONDEAT SUPERIOR*

**14.**   Defendant **ATS SPECIALIZED, INC** are also liable to Plaintiff for each and every negligent act and/or omission of **HOWARD KEITH ROSVALL** under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that **HOWARD KEITH ROSVALL** was operating his vehicle in the course and scope of his employment with Defendant **ATS SPECIALIZED, INC.**

**15.**   Defendant **ATS SPECIALIZED, INC** violated the duty which it owed to Plaintiff to exercise ordinary care in one or more of the following respects:

    a.     in failing to properly train **HOWARD KEITH ROSVALL**;

    b.     in negligently entrusting the vehicle to **HOWARD KEITH ROSVALL**;

    c.     in negligently hiring **HOWARD KEITH ROSVALL**; and

    d.     in negligently retaining **HOWARD KEITH ROSVALL** as an employee.

**16.**   Each of these acts and/or omissions, whether taken singularly or in any combination proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

**17.**   Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and

*Plaintiff's Original Petition, RFD, with Attached Discovery*

magnitude of the potential harm to the public such as **GREGORY ALLEN LAIRD**.  Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

## VI.
## <u>DAMAGES</u>

18.     As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff has suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well- being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish. As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

19.     Plaintiff has also suffered losses and damages to her personal property, including but not limited to damage to her vehicle for which he has never been compensated.

20.      By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

21.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which

*Plaintiff's Original Petition, RFD, with Attached Discovery*

Plaintiff has justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

22.     Plaintiff further requests both pre-judgment and post-judgment interest on all her

damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

23.     Plaintiff **GREGORY ALLEN LAIRD** demands a trial by jury. Plaintiff acknowledges

payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

24.     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are

requested to disclose, within fifty (50) days of service hereof, the information and material

described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

25.      Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are

hereby noticed that the production of any document in response to written discovery authenticates

the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE EMAIL
## ADDRESS

The following is the undersigned attorney's designated E-Service email address for all

*Plaintiff's Original Petition, RFD, with Attached Discovery*

e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

**jolson-svc@tjhlaw.com**   This is the undersigned's only E-Service email  address, and service through any other email address will be considered invalid.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendant's be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a.   Pain and suffering in the past;
b.   Pain and suffering in the future;
c.   Mental anguish in the past;
d.   Mental anguish in the future;
e.   Past medical expenses;
f.   Future medical expenses;
g.   Physical impairment in the past;
h.   Physical impairment in the future;
i.   Physical disfigurement in the past;
j.   Physical disfigurement in the future;
k.   Lost wages in the past;
l.   Loss of future wage earning capacity;
m.   Property damage;
n.   Loss of use;
o.   Pre-judgment interest;
p.   Post-judgment interest; and
q.   Exemplary damages.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____

Jon B. Olson
State Bar No. 24088157
*email: **jolson-svc@tjhlaw.com**
ATTORNEYS FOR PLAINTIFF


**\*      Plaintiff designates the above-referenced e-mail address as the only e-mail address
to be used for service via e-filing.  Notice is hereby given that e-mails sent to any other e-
mail address will not be accepted for the purposes of service in this cause.  If e-filing is not**
currently available, then service will be designated in accordance with the Texas Rules of Civil
Procedure.

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY ALLEN LAIRD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL COURT** |
| | § | |
| **HOWARD KEITH ROSVALL, AND** | § | |
| **ATS SPECIALIZED, INC** | § | |
| *Defendants* | § | **ERATH COUNTY, TEXAS** |

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT</u>

TO: DEFENDANT **HOWARD KEITH ROSVALL** at **5734 S 2325 West, Roy, Utah 84067** or wherever he may be found.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designate; the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery there from.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

Plaintiff designate; fifty (50) days after service of citation, petition and these requests for discovery and inspection or 30 days after service if an answer is already on file to obtain custody of such items.   Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
Jon B. Olson
State Bar No. 24088157
*email: **jolson-svc@tjhlaw.com**
ATTORNEYS FOR PLAINTIFF

.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO<br>DEFENDANT HOWARD KEITH ROSVALL</u>

To: Defendant, **HOWARD KEITH ROSVALL**, at **5734 S 2325 West, Roy, Utah 84067** or wherever he may be found.

Plaintiff, **GREGORY ALLEN LAIRD**, serves this request for production on **HOWARD KEITH ROSVALL,** as allowed by Texas Rule of Civil Procedure 196. **HOWARD KEITH ROSVALL,** must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 50 days after service, at 521 Starr Street, Corpus Christi, Texas 78401.

### INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.    When identifying the document, you must state the following:

        (1)    The nature of the document (e.g., letter, handwritten note).

        (2)    The title or heading that appears on the document.

        (3)    The date of the document and the date of each addendum, supplement, or other addition or change.

        (4)    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.    When identifying the person, you must state the following:

        (1)    The full name.

        (2)    The present or last known residential address and residential telephone number.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

(3)     The present or last known office address and office telephone number.

(4)     The present occupation, job title, employer, and employer's address.

### DEFINITIONS

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, **HOWARD KEITH ROSVALL,** his successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or his successors, predecessors, divisions, and subsidiaries.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

## REQUEST FOR PRODUCTION

1.   Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts about the collision, including complete and legible transcripts.

2.   All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision, the vehicles involved in the collision, and the parties involved.

3.   All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this collision.

4.   All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the collision.

5.   All documents and records for any vehicle relating to the damage and/or repair resulting from the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

6.   All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this collision.

7.   All newspaper articles that pertain to or reference the collision.

8.   All documents, records, reports, notations, or memoranda regarding the Plaintiff from

*Plaintiff's Original Petition, RFD, with Attached Discovery*

persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, ISO, and Colossus.

9.      Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision made the basis of this lawsuit or any damages resulting therefrom.

10.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

11.     A copy of all documents relating to any criminal records pertaining to any party or witness.

12.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the Defendant arising from this accident.

13.     Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

14.     A true, correct, and unaltered copy of your cellular phone or other mobile device bill for the period of two (2) hours before and after the time of the collision, including all incoming and outgoing phone calls, data usage, emails, text messages, or other electronic communications sent or received.

15.     Any and all trial exhibits intended to be used by you in the trial of this case.

16.     Copy of the front and back of your driver's license.

17.     Produce the title to the vehicle that defendant was driving when the collision occurred.

18.     Produce all documents that defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which defendant has been involved.

19.     All permits for oversize or overweight loads you have obtained in the years between July 21, 2014 and July 21, 2019.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY ALLEN LAIRD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL COURT** |
| | § | |
| **HOWARD KEITH ROSVALL, AND** | § | |
| **ATS SPECIALIZED, INC** | § | |
| *Defendants* | § | **ERATH COUNTY, TEXAS** |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT HOWARD KEITH ROSVALL

TO: **DEFENDANT HOWARD KEITH ROSVALL** at **5734 S 2325 West, Roy, Utah 84067** or wherever he may be found.

These interrogatories are filed and served pursuant to Rule 197, Texas Rules of Civil Procedure. Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
Jon B. Olson
State Bar No. 24088157
*email: jolson-svc@tjhlaw.com
ATTORNEYS FOR PLAINTIFF

*PAGE 16 OF 52*

*Plaintiff's Original Petition, RFD, with Attached Discovery*

## **INTERROGATORIES**

Plaintiff, **GREGORY ALLEN LAIRD**, serves these interrogatories on **HOWARD KEITH ROSVALL,** as allowed by Texas Rule of Civil Procedure 197. **HOWARD KEITH ROSVALL,** must answer each interrogatory separately, fully, in writing, and under oath, within 50 days after service.


### **INSTRUCTIONS**

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### **DEFINITIONS**

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, **HOWARD KEITH ROSVALL**, his successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or her successors, predecessors, divisions, and subsidiaries.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems;

*PAGE 17 OF 52*

*Plaintiff's Original Petition, RFD, with Attached Discovery*

computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

8. "Contract" means the agreement that is the subject of this lawsuit.

9. "Identify" or "describe," when referring to a person, means you must state the following:

    a.    The full name.

    b.    The present or last known residential address and residential telephone number.

    c.    The present or last known office address and office telephone number.

    d.    The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

    e.    In the case of any entity, the identity of the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

10. "Identify" or "describe," when referring to a document, means you must state the following:

    a.    The nature of the document (e.g., letter, handwritten note).

*PAGE 18 OF 52*

      b.    The title or heading that appears on the document.

      c.    The date of the document and the date of each addendum, supplement, or other addition or change.

      d.    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

      e.    The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT HOWARD KEITH ROSVALL

**INTERROGATORY 1:** State your full name, address, date of birth, social security number, telephone number, driver's license number, type of license, and all restrictions and endorsements to your driver's license.  If your driver's license has been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the date(s), the reason(s) stated for each suspension, and the ultimate outcome/result.

**INTERROGATORY 2**: Describe how the collision occurred and state specifically what you contend caused or contributed to the cause of the collision.

**INTERROGATORY 3:** Describe what you were doing immediately before the collision occurred. If you were using a mobile device, identify the mobile device, and if you were speaking or texting with someone on the mobile device, identify the person with whom you were speaking or texting, the telephone number of your mobile device, and the telephone number of the other person.

**INTERROGATORY 4**: Identify all mobile devices you regularly use, including those of family members and those of your employer, and include telephone numbers and carriers/service provider.

**INTERROGATORY 5:** Identify the owner of the vehicle you were driving at the time of the collision and your relationship to the owner.

**INTERROGATORY 6**: Identify each person who was in the vehicle you were driving at the time of the collision. For passengers under 21 years of age, also provide their ages and the identity of their parents. For passengers under eight years of age, state whether they were in a booster or child seat.

**INTERROGATORY 7:** What was your speed immediately before the impact and at the time of impact?

*Plaintiff's Original Petition, RFD, with Attached Discovery*

**INTERROGATORY 8**: What, if anything, did you do to avoid the collision?

**INTERROGATORY 9:** Describe any conversation you had with plaintiff immediately after the collision.

**INTERROGATORY 10**: Identify each place you had been in the five-hour period before the collision.

**INTERROGATORY 11:** State whether you consumed any alcoholic beverage and the place(s) where you consumed the alcoholic beverage or whether you took any prescription or nonprescription drug or medication in the 24-hour period before the collision, and identify the beverage or drug by brand name, time of consumption, and amount, and if a prescription drug, identify the prescribing doctor and the prescription number.

**INTERROGATORY 12:** If you have ever suffered from any of the following conditions, please provide specific details, including duration of condition, names of treating physicians, and dates of treatment: blackouts, amnesia, sneezing spells, dizziness, back pain, or neck pain. In lieu of providing the information requested in this interrogatory, you may provide (1) a list of the medical providers, (2) the dates of treatment, and (3) an executed authorization permitting the disclosure of the medical records and bills, which is attached to these interrogatories.

**INTERROGATORY 13:** Describe in detail any conversations you have had with an insurance company or any of its agents since the collision.

**INTERROGATORY 14**: If you contend any defect or failure on the part of any vehicle caused or contributed to the collision, describe the defect, the vehicle, and how the defect or failure contributed to the collision.

**INTERROGATORY 15:** Identify all mechanical repairs performed on your 2017 Freightliner that was involved in the collision during the year before the collision.

**INTERROGATORY 16**: Identify each traffic citation you have received in the past ten (10) years, including any traffic citation you received as a result of the collision. Identify the court involved, the violations for which you were cited, the date on which the citation was disposed, and the final disposition of the citation.

**INTERROGATORY 17**: If you were acting within the course and scope of your employment or as an agent for any person or entity at the time of the collision, identify your employer or principal.

**INTERROGATORY 18**: If you have been involved in any other vehicular collision before or since this collision, identify the date and nature of the collision, state whether you were injured, and state whether you filed suit or suit was filed against you.

*PAGE 20 OF 52*

*Plaintiff's Original Petition, RFD, with Attached Discovery*

**INTERROGATORY 19:** If you have been convicted of an offense in the last ten (10) years, state the offense charged, the Court and the disposition of the case.

**INTERROGATORY 20:** If you were acting within the course and scope of any agency, employment (including self-employment), or service at the time of the collision, state the mane of your employer or company for which you were performing tasks, their address, telephone number, your job title, your job duties, dates of employment / service, how you were paid (commission, hourly, salary, by the job), and describe the relationship to this company (i.e., employer/employee, independent contractor, etc.).

**INTERROGATORY 21:** State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s).  Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

## <u>VERIFICATION</u>

**THE STATE OF _____** §
§
**COUNTY OF _____** §

      BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared **HOWARD KEITH ROSVALL**, Representative who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his/her knowledge and completely true and correct.


_____
**HOWARD KEITH ROSVALL**



**THE STATE OF _____** §
§
**COUNTY OF _____** §

      BEFORE ME, the undersigned authority, on this day personally appeared _____, Representative, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

SUBSCRIBED AND SWORN TO on the _____ day of _____, 2020.


_____
Notary Public, State of _____

My commission expires: _____

*Plaintiff's Original Petition, RFD, with Attached Discovery*

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY ALLEN LAIRD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | §§ | |
| **v.** | § | _____ **JUDICIAL COURT** |
| | § | |
| **HOWARD KEITH ROSVALL, AND** | § | |
| **ATS SPECIALIZED, INC** | § | |
| *Defendants* | § | |
| | § | **ERATH COUNTY, TEXAS** |

<u>**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO**</u>
<u>**DEFENDANT HOWARD KEITH ROSVALL**</u>

TO:   **DEFENDANT HOWARD KEITH ROSVALL** at **5734 S 2325 West Roy, Utah 84067** or wherever he may be found.

Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this requests or otherwise furnished or made available for inspection and copying. This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
    Jon B. Olson
    State Bar No. 24088157
    *email: **jolson-svc@tjhlaw.com**
    ATTORNEYS FOR PLAINTIFF

*Plaintiff's Original Petition, RFD, with Attached Discovery*

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT HOWARD KEITH ROSVALL

To: Defendant, **HOWARD KEITH ROSVALL,** at **5734 S 2325 West Roy, Utah 84067** or wherever he may be found.

Plaintiff, **GREGORY ALLEN LAIRD**, serves these requests for admissions on **HOWARD KEITH ROSVALL**, as allowed by Texas Rule of Civil Procedure 198. **HOWARD KEITH ROSVALL,** must admit or deny each request, in writing, within 50 days after service.

### DEFINITIONS

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, **HOWARD KEITH ROSVALL,** his successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or his successors, predecessors, divisions, and subsidiaries.

3. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4. "Communication" means any oral or written communication of which Defendant has knowledge, information, or belief.

5. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

6. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata;

*PAGE 25 OF 52*

*Plaintiff's Original Petition, RFD, with Attached Discovery*

PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

## REQUEST FOR ADMISSIONS TO
## DEFNDANT HOWARD KEITH ROSVALL

REQUEST 1: Defendant was driving a 2017 Freightliner on the date of the collision, when he was involved in a collision.

**ADMIT OR DENY:**

REQUEST 2: On the date of the collision, defendant was operating a vehicle on State Highway 220 in Erath County, Texas.

**ADMIT OR DENY:**

REQUEST 3: On the date of the collision, the load on Defendant's trailer contacted Plaintiff's vehicle on the Plaintiff's driver side rear fender.

**ADMIT OR DENY:**

REQUEST 4: At the time of the collision, defendant owned the vehicle involved in the collision.

**ADMIT OR DENY:**

REQUEST 5: Defendant made an oral statement to an insurance company, conducted over the telephone and recorded by the agent for the defendant's representative.

**ADMIT OR DENY:**

REQUEST 6: You had a cellular telephone/device in your possession at the time of the collision.

**ADMIT OR DENY:**

REQUEST 7: The condition of the road surface did not contribute to the cause of the collision.

**ADMIT OR DENY**

REQUEST 8: Lighting conditions did not contribute to the cause of the collision.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

**ADMIT OR DENY:**

REQUEST 15: Weather conditions did not contribute to the cause of the collision.

**ADMIT OR DENY:**

REQUEST 9: A sudden emergency did not contribute to the cause of the collision.

**ADMIT OR DENY:**

REQUEST 10: An act of God did not contribute to the cause of the collision.

**ADMIT OR DENY:**

REQUEST 11: Defendant does not contend the collision was unavoidable.

**ADMIT OR DENY:**

REQUEST 12: No defect or malfunction in the vehicle that defendant was driving contributed to the cause of the collision.

**ADMIT OR DENY:**

REQUEST 13: Defendant does not have normal vision without the use of corrective lenses, contacts, glasses, or other devices.

**ADMIT OR DENY:**

REQUEST 14: Defendant was not wearing corrective lenses, contacts, glasses, or other devices at the time of the collision.

**ADMIT OR DENY:**

REQUEST 15: Plaintiff had the right of way at the time the collision occurred.

**ADMIT OR DENY:**

REQUEST 16: Defendant was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

**ADMIT OR DENY:**

REQUEST 17: Defendant was under the influence of drugs or alcohol when the collision occurred.

**ADMIT OR DENY:**

*Plaintiff's Original Petition, RFD, with Attached Discovery*

REQUEST 18: Defendant had ingested or consumed drugs or alcohol within the 24 hours before the collision.

**ADMIT OR DENY:**

REQUEST 19: Defendant was acting as an agent for another person or entity at the time of the collision.

**ADMIT OR DENY:**

REQUEST 20: Defendant was not injured as a result of the collision.

**ADMIT OR DENY:**

REQUEST 21: Defendant did not maintain a proper lookout immediately before the collision.

**ADMIT OR DENY:**

REQUEST 22: Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of defendant's vehicle striking plaintiff's vehicle.

**ADMIT OR DENY:**

REQUEST 23: Defendant did not timely apply his brakes in an attempt to avoid the collision.

**ADMIT OR DENY:**

REQUEST 24: Defendant was using a mobile device when the collision occurred.

**ADMIT OR DENY:**

REQUEST 25: Defendant admitted to **GREGORY ALLEN LAIRD** at the scene that the collision was his fault.

**ADMIT OR DENY:**

REQUEST 26: Defendant did not turn his vehicle in an attempt to avoid the collision.

**ADMIT OR DENY:**

REQUEST 27: Defendant has been convicted of a felony during the ten (10) year period preceding the collision.

**ADMIT OR DENY:**

REQUEST 28: Defendant has been involved in previous rear-end collisions.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

**ADMIT OR DENY:**

  REQUEST 29: Defendant's trailer had an oversize load at the time of the wreck.

**ADMIT OR DENY:**

  REQUEST 30: Defendant's vehicle was required to have a "Oversize Load" sign on the vehicle at the time of the wreck.

**ADMIT OR DENY:**

  REQUEST 31: Defendant was required to have an oversize load permit at the time of the wreck.

**ADMIT OR DENY:**

  REQUEST 32: Defendant was required to have a Route Inspection Certification on file with the Texas Department of Motor Vehicles for the load being transported at the time of the wreck.

**ADMIT OR DENY:**

  REQUEST 33: The width of Defendant's load at the time of the wreck was over 8'6".

**ADMIT OR DENY:**

  REQUEST 34: Defendant was obliged to follow all rules and regulations set by the Texas Department of Motor Vehicles at all times when driving on Texas roads.

**ADMIT OR DENY:**

REQUEST 35: Defendant has been in previous collisions while pulling oversize loads.

**ADMIT OR DENY:**

REQUEST 36: Defendant has never pulled an oversize load before.

**ADMIT OR DENY:**

REQUEST 37: Defendant has never pulled an overweight load before.

**ADMIT OR DENY:**

REQUEST 38: Plaintiff GREGORY ALLEN LAIRD entered the bridge before Defendant.

**ADMIT OR DENY:**

*Plaintiff's Original Petition, RFD, with Attached Discovery*

REQUEST 39: Defendant saw Plaintiff's Ford F150 before making contact with it.

**ADMIT OR DENY:**

REQUEST 40: Defendant saw Plaintiff's Ford F150 before Defendant entered the bridge.

**ADMIT OR DENY:**

REQUEST 41: Defendant was required to have a lead vehicle at the time of the wreck.

**ADMIT OR DENY:**

REQUEST 42: Defendant was required to have a trailing vehicle at the time of the wreck.

**ADMIT OR DENY:**

*Plaintiff's Original Petition, RFD, with Attached Discovery*

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY ALLEN LAIRD** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL COURT** |
| | § | |
| **HOWARD KEITH ROSVALL, AND** | § | |
| **ATS SPECIALIZED, INC** | § | |
| *Defendants* | § | |
| | § | **ERATH COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ATS SPECIALIZED, INC

TO: DEFENDANT **ATS SPECIALIZED, INC** through its registered agent, National Registered Agents, Inc., can be served 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designate; the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining

*Plaintiff's Original Petition, RFD, with Attached Discovery*

delivery there from.

Plaintiff designate; fifty (50) days after service of citation, petition and these requests for discovery and inspection or 30 days after service if an answer is already on file to obtain custody of such items.   Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____

Jon B. Olson
State Bar No. 24088157
*email: **jolson-svc@tjhlaw.com**
ATTORNEYS FOR PLAINTIFF

*Plaintiff's Original Petition, RFD, with Attached Discovery*

## DEFINITIONS AND INSTRUCTIONS

A.    As used herein, the term "you", "your", or "**Defendant**" shall mean **ATS SPECIALIZED, INC** as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

B.    When used herein "**Plaintiff**" means **GREGORY ALLEN LAIRD.**

C.    When used herein "**incident", "crash"** or "**collision**" mean the motor vehicle collision which occurred on **July 21, 2019.**

D.    The term "**document**" or "**documents**" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all non-identical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, whether or not such was intended for or transmitted internally by you, or was intended for or transmitted to any other person or entity, including but not limited to any government agency, department, administrative agency, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter. The term "**document**" or "**documents**" shall also include communications in words, symbols, pictures, audio recordings, films/movies, video tapes, CD Roms, and all information stored in, or accessible through, computers or other electronic information transmittal, storage or retrieval systems, together with the codes and/or programming instructions and all other materials necessary to understand and use such systems.

E.    The term "**Person**" shall include individuals, associations, partnerships, corporations, joint ventures, proprietorships, agencies, boards, commissions, governmental entities, and any other institutions whether formed for business purposes or any other purposes and the officers, representatives, employees, and agents of such associations, partnerships, public or private corporation, joint ventures, proprietorships, agencies, boards, commissions, governmental entities, and institutions.

F.    Unless defined otherwise in an individual Interrogatory "**Identify**", "**Identity**", or "**Identification**" have the following meanings.

        a.    When used in reference to a person, "identify", "identity", or "identification" means to state his/her full name, present or last known residence address, and phone number, or present or last known business address, and business telephone number.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

b.  When used in reference to a <u>public or private corporation</u>, <u>governmental entity</u>, <u>partnership</u>, <u>association</u>, or <u>any other business entity</u>, "identify", "identity", or "identification" means to state its full name, present or last known business address or operating address, telephone number, and the name of its chief executive officer or manager at that address.

c.  When used in reference to a <u>document</u>, "identify", "identity", or "identification" shall include a statement of the following:

    i.  the title, heading, or caption, if any, of such document, or the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so as to enable such document to be precisely identified; and

    ii.  all identifying numbers, letters, or combination thereof, if any, and the significance or meaning of such numbers, letters, or combination thereof, if necessary for an understanding of the document and evaluation of any claim of protection from discovery; and

    iii.  the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared; and

    iv.  the number of pages; and

    v.  the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it; and

    vi.  the name and capacity of the person to whom such document was addressed;

    vii.  the name and capacity of each person or persons, other than such addressee, to whom a copy was sent; and

    viii.  the physical location of the document; and

    ix.  the identity of its custodian or custodians.

d.  When used in reference to a <u>book</u>, <u>treatise</u>, or <u>publication</u> "identify", "identity", or "identification" shall include a statement of the following:

    i.  the title; and
    ii.  the author; and

*Plaintiff's Original Petition, RFD, with Attached Discovery*

iii.   the date it was published, generated, or disseminated; and

iv.   the identity of the publishing company.

e.   When used in reference to a <u>statement</u>, "identify", "identity", or "identification" means the following:

    i.   the identity of the person who made the statement,  and

    ii.   the date, location, and method by which the statement was taken and/or recorded; and

    iii.   the identity of the person or persons who has present or last known possession, custody, or control of the statement.

f.   When used in reference to an <u>incident, occurrence, claim, notice, or suit,</u> "identify", "identity", or "identification" means to state the following:

    i.   the <u>identity</u> of the person(s) involved in the incident or occurrence, or making the claim; and

    ii.   the date and place of the incident or occurrence on which the claim, notice, or suit is/was based; and

    iii.   what is alleged to have occurred; and

    iv.   for each lawsuit: the style, cause number, and court.

g.   If any document which would be responsive to any Interrogatory herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined herein above, and by additionally stating:

    (1)   if it is missing or lost; or

    (2)   if it has been destroyed; or

    (3)   if it has been transferred voluntarily to others; or

    (4)   it has been otherwise disposed of;

and in each instance in which it has been destroyed, transferred, or disposed of:

    1.   explain the circumstances surrounding such disposition; and

    2.   identify the persons(s) directing or authorizing its destruction or transfer; and

    3.   the date(s) of such direction or authorization; and

    4.   whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

h.   "**Control**" means within your possession, custody, or control and includes constructive possession as long as you, your attorneys, agents, or representatives,  whether natural persons or business or legal entities, have possession, custody, or control or have superior right to compel production from

any third party, whether natural persons or business or legal entities, and including any agency, authority, or representative.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1," "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **July 21, 2019**, through the date of production of response requested herein.

## FIRST REQUEST FOR PRODUCTION

1. Complete and legible photocopies of all statements taken from the Plaintiff.

2. Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

3. Complete and legible photocopies of all statements from witnesses or persons with knowledge of relevant facts.

4. All photographs, video tapes, movies, and other graphic representations of the scene of the collision, the vehicles involved, and the parties involved.

5. All plats, surveys, diagrams, sketches, maps, and photographs of the scene of the collision and the vehicles involved.

6. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

7. A duplicate copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

8. All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the collision.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

9. All documents and records relating to the damage and/or repair to your vehicle resulting from the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

10. All documents and records relating to the damage and/or repair to Plaintiffs' vehicle resulting from the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

11. All documents and records, including expert's reports, with regard to the causation of the occurrence made the basis for this suit.

12. All documents and records, including expert's reports, with regard to the medical condition of the Plaintiff excluding any documents and records provided by Plaintiff.

13. All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by **HOWARD KEITH ROSVALL** as a result of this incident.

14. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by the Plaintiff.

15. All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

16. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

17. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

18. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

19. A copy of all documents relating to any criminal records pertaining to Plaintiff or any witnesses.

20. A copy of all medical records, doctor or hospital records, reports, or medical documents

*PAGE 37 OF 52*

*Plaintiff's Original Petition, RFD, with Attached Discovery*

of any kind containing information about **HOWARD KEITH ROSVALL** arising from this accident.

21. Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

22. Your safety manual.

**23.** Your safety program and driver attendance records pertaining to **HOWARD KEITH ROSVALL.**

24. All payroll records pertaining to **HOWARD KEITH ROSVALL**.

25. Any and all worker's compensation records pertaining to **HOWARD KEITH ROSVALL**.

26. Any and all results from urine samples pertaining to **HOWARD KEITH ROSVALL.**

27. Please produce any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails.

28. Any manuals, driver's manuals, city issued rules and regulations, directives or notices in effect at the time the accident occurred utilized by **ATS SPECIALIZED, INC** regarding its employees' work, driving activities, job performance, discipline, and safety.

29. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by **HOWARD KEITH ROSVALL** from or by any source.

30. A copy of the organizational chart for **ATS SPECIALIZED, INC** that shows the titles and reporting pathways of corporate management and support personnel.

31. Please produce all documents related to any investigation performed by **ATS SPECIALIZED, INC** of the incident on July 21, 2019 involving Defendant and the Plaintiff, as well as any disciplinary action taken as a result of such investigation.

32. The entire personnel file for **HOWARD KEITH ROSVALL**.

33. All photos of the vehicle driven by **HOWARD KEITH ROSVALL** on the day in question.

34. A copy of the title for the vehicle driven by **HOWARD KEITH ROSVALL** on the day in question.

35. Copies of any drive-cam videos taken by **HOWARD KEITH ROSVALL** as a result of the incident made the basis of this lawsuit.

36. All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

37. Logs for hours of service **HOWARD KEITH ROSVALL**.

38. All maintenance, repair and inspection records pertaining to the vehicle involved in the accident made the basis of this lawsuit from one year preceding the incident to one year after the incident.

39. Any and all agreements, contracts or written arrangements in effect on the date of the accident between **ATS SPECIALIZED, INC** and **HOWARD KEITH ROSVALL** including but not limited to, any contracts to perform transportation services on behalf of **ATS SPECIALIZED, INC.**

40. Any contracts, lease or rental agreements, involving the truck in effect on the date of the accident.

41. All computer run dispatch or operational daily summary data, including all computer run information, related to **HOWARD KEITH ROSVALL** from January 1, 2014, through July 21, 2019.

42. Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to **HOWARD KEITH ROSVALL** by any law enforcement official or agency.

43. Any and all other files and records maintained by Defendant in reference to any vehicular accident prior to the accident in question where Defendant **HOWARD KEITH ROSVALL** was the driver of a vehicle involved in the prior accidents.

44. The minutes of and records from any Safety Committee meeting for the three (3) years prior to *July 21, 2019*, and for the accident which is the subject of this litigation.

45. Please produce all documents related to any investigation performed by **ATS SPECIALIZED, INC** regarding the accident on *July 21, 2019*, involving **HOWARD KEITH ROSVALL** and the Plaintiff, as well as any disciplinary action taken as a result of such investigation.

46. Any and all documents which relates to, pertain to, identify and/or involve prior automobile accidents involving **ATS SPECIALIZED, INC** employees of operating company vehicles in the last 10 years.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

47. A copy of cell phone records for the phone used by **HOWARD KEITH ROSVALL** on the day in question.

48. A complete copy of any dash cam videos from the wreck on *July 21, 2019* which are in your possession, your agent's possession, or in the possession of any representative for you.

49. A copy of any 911 audiotapes, transcripts and call logs from the wreck on *July 21, 2019* which are in your possession, your agent's possession, or in the possession of any representative for you.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY ALLEN LAIRD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL COURT** |
| | § | |
| **HOWARD KEITH ROSVALL, AND** | § | |
| **ATS SPECIALIZED, INC** | § | |
| *Defendants* | § | |
| | § | **ERATH COUNTY, TEXAS** |

## <u>PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ATS SPECIALIZED, INC</u>

TO: DEFENDANT **ATS SPECIALIZED, INC** through its registered agent, National Registered Agents, Inc., can be served 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

These interrogatories are filed and served pursuant to Rule 197, Texas Rules of Civil Procedure.  Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
Jon B. Olson
State Bar No. 24088157
*email: <u>jolson-svc@tjhlaw.com</u>
ATTORNEYS FOR PLAINTIFF

*PAGE 41 OF 52*

*Plaintiff's Original Petition, RFD, with Attached Discovery*

1. State the name of **HOWARD KEITH ROSVALL** immediate supervisor.
For the individual answering these interrogatories on behalf of Defendant please state:

    A.                    Your name and address;
    B.                    Your job title, and description.

ANSWER:

2. State the nature of the trip being made by **HOWARD KEITH ROSVALL**, including the location from which the driver left and the intended destination, including the reason for the trip.

ANSWER:

3. State what type of driver training program or driver monitoring was provided by your company to your employee driver.

ANSWER:

4. Do you contend that the Plaintiff's damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit?  If so, please state:

    a.  the identity of the person, persons, or entities;
    b.  all facts which would establish that such person, persons or entities caused Plaintiffs' injuries in whole or in part;
    c.  the exact manner in which Plaintiffs' injuries were caused in whole or in part by such person, persons or entities.

ANSWER:

5. Describe in your own words how the collision occurred stating specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement of the facts or information upon which this contention is based.  Please include in your description the speed or estimated speed that your vehicle was traveling at the time of the incident.

ANSWER:

6. State each and every individual act or omission on the part of the Plaintiff, which you now contend or will contend at trial caused or contributed to the collision made the basis of this lawsuit.

ANSWER:

*Plaintiff's Original Petition, RFD, with Attached Discovery*

7. Was the vehicle driven by **HOWARD KEITH ROSVALL** at the time of the collision equipped with a tachograph or other on-board recording device or a satellite location device like QualComm that would record his vehicle's movements and speed?  If so, please state: (a) the name, address, telephone number, and title of the person or entity presently in possession of such device and the records generated by such device; (b) manufacturer, make, model, and type (e.g., disc, etc.) of the device.

ANSWER:

8. Did Defendant have a Safety Director (or other person in charge of driver safety no matter what the title) as of ***July 21, 2019***?  If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years previous to 2017.

ANSWER:

9. On ***July 21, 2019***, did Defendant use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with the corporate defendant and their inclusive dates of employment; (b) Did such body or committee review the accident of ***July 21, 2019***, and if so, please state its finding and conclusions and deliberations.

ANSWER:

10. What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to **HOWARD KEITH ROSVALL** as a result of the accident on ***July 21, 2019***?

ANSWER:

11. Was **HOWARD KEITH ROSVALL** tested for drugs and alcohol following the accident of ***July 21, 2019***?  If so, please state the results of such testing, the time and location testing, and the entity that performed the test.

ANSWER:

12. Do you intend to use evidence of a criminal conviction of Plaintiff or any witnesses at the trial of this case?  If so, please state the following:
a)      Date of conviction;
b)      Nature of conviction; and

*Plaintiff's Original Petition, RFD, with Attached Discovery*

c)      Cause number, court, and jurisdiction of conviction.

ANSWER:

*Plaintiff's Original Petition, RFD, with Attached Discovery*

## <u>VERIFICATION</u>

**THE STATE OF _____**     §
                             §
**COUNTY OF _____**      §

       BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared _____, Representative who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his/her knowledge and completely true and correct.

 

 

_____
REPRESENTATIVE

 

 

_____
Print Name

 

**THE STATE OF _____**     §
                             §
**COUNTY OF _____**      §

       BEFORE ME, the undersigned authority, on this day personally appeared _____, Representative, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

SUBSCRIBED AND SWORN TO on the _____ day of _____, 2020.

 

_____
Notary Public, State of _____

My commission expires: _____

 

*Plaintiff's Original Petition, RFD, with Attached Discovery*

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY ALLEN LAIRD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL COURT** |
| | § | |
| **HOWARD KEITH ROSVALL, AND** | § | |
| **ATS SPECIALIZED, INC** | § | |
| *Defendants* | § | **ERATH COUNTY, TEXAS** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ATS SPECIALIZED, INC

TO: DEFENDANT **ATS SPECIALIZED, INC** through its registered agent, National Registered Agents, Inc., can be served 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this requests or otherwise furnished or made available for inspection and copying. This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
       Jon B. Olson
       State Bar No. 24088157
       *email: **jolson-svc@tjhlaw.com**
       ATTORNEYS FOR PLAINTIFF

## REQUESTS FOR ADMISSIONS

1.  Admit that **HOWARD KEITH ROSVALL**, was operating a vehicle owned by **ATS SPECIALIZED, INC** at the time of the incident that forms the basis of this suit.

    **ADMIT OR DENY:**

2.  Admit that **HOWARD KEITH ROSVALL**, was operating a vehicle owned by **ATS SPECIALIZED, INC** at the time of the incident that forms the basis of this suit.

    **ADMIT OR DENY:**

3.  Admit that **HOWARD KEITH ROSVALL**, was operating a vehicle owned by **ATS SPECIALIZED, INC** at the time of the incident that forms the basis of this suit.

    **ADMIT OR DENY:**

4.  Admit that the negligence of **HOWARD KEITH ROSVALL** proximately caused the occurrence in question.

    **ADMIT OR DENY:**

5.  Admit that **HOWARD KEITH ROSVALL** was operating the vehicle in question while in the course and scope of his employment with **ATS SPECIALIZED, INC**

    **ADMIT OR DENY:**

6.  Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

    **ADMIT OR DENY:**

7.  Admit the occurrence that makes the basis of this action was not the result of a sudden and unexpected emergency.

    **ADMIT OR DENY:**

8.  Admit that Plaintiff suffered mental anguish as a proximate result of the occurrence in question.

    **ADMIT OR DENY:**

9.  Admit the occurrence that makes the basis of this action was not an unavoidable accident.

*Plaintiff's Original Petition, RFD, with Attached Discovery*

**ADMIT OR DENY:**

10. Admit that the Plaintiff did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

11. Admit that the medical bills incurred by Plaintiff were necessary for the treatment of the injuries sustained by Plaintiff and the charges for such services were reasonable.

   **ADMIT OR DENY:**

12. Admit that the vehicle operated by **HOWARD KEITH ROSVALL** at the time of the collision was equipped with a GPS device or other Global Positioning System that tracks the vehicles location, speed and other vehicle information at the time of the collision that made the basis of this lawsuit.

   **ADMIT OR DENY:**

13. Admit that **HOWARD KEITH ROSVALL** was your employee on the date of the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

14. Admit that **HOWARD KEITH ROSVALL** has been in prior automobile accidents while operating company vehicles.

   **ADMIT OR DENY:**

15. Admit that **HOWARD KEITH ROSVALL** attempted to change lanes when unsafe to do so.

   **ADMIT OR DENY:**

16. Admit that **HOWARD KEITH ROSVALL** crashed into the Plaintiff on the date of the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

17. Admit that **HOWARD KEITH ROSVALL** did not continue driving to his destination on the date of the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

*Plaintiff's Original Petition, RFD, with Attached Discovery*

18. Admit that **HOWARD KEITH ROSVALL** failed to keep a proper lookout on the date of the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

19. Admit **HOWARD KEITH ROSVALL** failed to timely apply the brakes in order to avoid the collision on the date of the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

20. Admit **HOWARD KEITH ROSVALL** failed to maintain a single lane of traffic on the date of the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

21. Admit **HOWARD KEITH ROSVALL** failed to control the speed of the vehicle in question on the date of the incident which is the basis of this lawsuit.

   **ADMIT OR DENY:**

22. Admit **HOWARD KEITH ROSVALL** failed to turn the vehicle in an effort to avoid the collision in question.

   **ADMIT OR DENY:**

23. Admit that **ATS SPECIALIZED, INC** was negligent in hiring **HOWARD KEITH ROSVALL**.

   **ADMIT OR DENY:**

24. Admit that **ATS SPECIALIZED, INC** was negligent in training **HOWARD KEITH ROSVALL**.

   **ADMIT OR DENY:**

25. Admit that **ATS SPECIALIZED, INC** was negligent in supervising **HOWARD KEITH ROSVALL**.

   **ADMIT OR DENY:**

26. Admit that **ATS SPECIALIZED, INC** was negligent in entrusting their company vehicle to **HOWARD KEITH ROSVALL**.

   **ADMIT OR DENY:**

*Plaintiff's Original Petition, RFD, with Attached Discovery*

**27.** Admit that **HOWARD KEITH ROSVALL** had in his possession on the date of the incident which is the basis of this lawsuit a cellular telephone/device that was issued to him by **ATS SPECIALIZED, INC**

**ADMIT OR DENY:**

28. Admit that the Plaintiff suffered physical pain as a proximate result of the occurrence in question.

**ADMIT OR DENY:**

29. Admit that you have an "excess insurance policy" in effect at the time of the occurrence(s) made the basis of this lawsuit.

**ADMIT OR DENY:**

30. Admit that you have an "umbrella insurance policy" which was in effect at the time of the occurrence(s) made the basis of this lawsuit.

**ADMIT OR DENY:**

31. In addition to any insurance coverage you have identified in response to requests for disclosure as a primary source of insurance and in addition to any "excess" or "umbrella" insurance coverage you have disclosed in the above requests for admission, admit that you have additional or other insurance which may apply to the occurrence(s) made the basis of this lawsuit.

**ADMIT OR DENY:**

32. Admit that you have put the "excess" insurance carrier on notice of the causes of action made the basis of this lawsuit.

**ADMIT OR DENY:**

33. Admit that you have put the "umbrella" insurance carrier on notice of the causes of action made the basis of this lawsuit.

**ADMIT OR DENY:**

34. Admit that you have put the additional or other insurance carriers on notice of the causes of action made the basis of this lawsuit.

**ADMIT OR DENY:**

*Plaintiff's Original Petition, RFD, with Attached Discovery*

35. Defendant's vehicle was required to have a "Oversize Load" sign at the time of the wreck.

    **ADMIT OR DENY:**

36. Defendant was required to have an oversize load permit at the time of the wreck.

    **ADMIT OR DENY:**

37. Defendant was required to have a Route Inspection Certification on file with the Texas Department of Motor Vehicles for the load being transported at the time of the wreck.

    **ADMIT OR DENY:**

38. The width of Defendant's load at the time of the wreck was over 8'6".

    **ADMIT OR DENY:**

39. Defendant was obliged to follow all rules and regulations set by the Texas Department of Motor Vehicles at all times when driving on Texas roads.

    **ADMIT OR DENY:**

40. Admit that your responses herein are truthful.

    **ADMIT OR DENY**

*Plaintiff's Original Petition, RFD, with Attached Discovery*

**CITATION**
CAUSE NO. CV36602

THE STATE OF TEXAS-

TO:     ATS SPECIALIZED, INC.
        BY AND THROUGH ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS, INC.
        1999 BRYAN ST., SUITE 900
        DALLAS, TX 75201-3136
                                                    12/10/2020

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the 266th Judicial District Court of Erath County, Texas, to be held at the Courthouse of said County in the city of Stephenville, Erath County, Texas, by filing a written answer to **PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE AND ATTACHED DISCOVERY** at or before 10:00 o'clock, A.M., of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number CV36602 styled GREGORY ALLEN LAIRD VS. HOWARD KEITH ROSVALL AND ATS SPECIALIZED, INC filed on the 8th day of December, 2020.

The name and address of the attorney for plaintiff, or the address of plaintiff is:
JON OLSON * 521 STARR ST * CORPUS CHRISTI, TX 78401.

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock, A.M., on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, Wanda Greer, District Clerk, of the 266th Judicial District Court of Erath County, Texas.

Issued and given under my hand and seal of said Court at office, this the 8th day of December, 2020.

Address:        Erath County Courthouse Annex          Wanda Greer, District Clerk
                Room 108                                266th District Court
                Stephenville, Texas 76401               Erath County, Texas

                                                        By:
                                                            SUSAN CULPEPPER, Deputy

---

**OFFICER OR AUTHORIZED PERSON'S RETURN**

Came to hand this 10th day of December, 2020, at 10:43 o'clock A m., and executed at _____, within the County of _____ at _____ o'clock ___ m. on the ____ day of _____ 20____, by delivering to the defendant, ATS SPECIALIZED, INC. BY AND THROUGH ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS, INC., in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE AND ATTACHED DISCOVERY attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20____.

                                        Sheriff/Constable/Authorized Person
                                            Bexar          County, Texas

                                        BY: Kenneth L. Droddy
                                            Sheriff/Constable/Authorized Person
                                            PSC 5545      8/31/2022
                                            ID# and Expiration of Certification

State of TEXAS
County of ERATH
Subscribed and sworn to before me, a notary public, on_____

_____
Notary Public
My Commission Expires:_____          (NOTARY SEAL WITH EXPIRATION DATE)

**CITATION**

CAUSE NO. **CV36602**

THE STATE OF TEXAS

TO: **HOWARD KEITH ROSVALL**
**5734 S 2325 WEST**
**ROY, UT 84067**

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the 266th Judicial District Court of Erath County, Texas, to be held at the Courthouse of said County in the city of Stephenville, Erath County, Texas, by filing a written answer to **PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE AND ATTACHED DISCOVERY** at or before 10:00 o'clock, A.M., of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number **CV36602** styled **GREGORY ALLEN LAIRD VS. HOWARD KEITH ROSVALL AND ATS SPECIALIZED, INC** filed on the 8th day of December, 2020.

The name and address of the attorney for plaintiff, or the address of plaintiff is:
JON OLSON * 521 STARR ST * CORPUS CHRISTI, TX 78401.

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock, A.M., on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, Wanda Greer, District Clerk, of the 266th Judicial District Court of Erath County, Texas.

Issued and given under my hand and seal of said Court at office, this the 8th day of December, 2020.

Address:      Erath County Courthouse Annex
                 Room 108
                 Stephenville, Texas 76401

Wanda Greer, District Clerk
266th District Court
Erath County, Texas

By:

SUSAN CULPEPPER, Deputy

---

## OFFICER OR AUTHORIZED PERSON'S RETURN

Came to hand this _____ day of _____, 20_____, at _____ o'clock ____ m., and executed at _____, within the County of _____ at _____ o'clock ___ m. on the ____ day of _____ 20_____, by delivering to the defendant, **HOWARD KEITH ROSVALL,** in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE AND ATTACHED DISCOVERY** attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20____.

Sheriff/Constable/Authorized Person
_____ County, Texas

BY: _____
Sheriff/Constable./Authorized Person

_____
ID# and Expiration of Certification

State of TEXAS
County of ERATH
Subscribed and sworn to before me, a notary public, on_____

_____
Notary Public
My Commission Expires:_____

(NOTARY SEAL WITH EXPIRATION DATE)

Filed for Record at
12/23/2020 9:57 AM
Jan Brown
Clerk of the 266th District Court
Erath County, Texas

CAUSE NO. CV36602

| | | |
|---|---|---|
| GREGORY ALLEN LAIRD, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | ERATH COUNTY, TEXAS |
| | § | |
| HOWARD KEITH ROSVALL and | § | |
| ATS SPECIALIZED, INC | § | |
| *Defendants.* | § | 266TH JUDICIAL DISTRICT |

## DEFENDANTS HOWARD KEITH ROSVALL AND ATS SPECIALIZED INC.'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Howard Keith Rosvall and ATS Specialized, Inc., Defendants in the above styled lawsuit, and file their Original Answer and Request for Disclosure and as grounds therefore would respectfully show unto the Court and Jury as follows:

## I.
## GENERAL DENIAL

1.     The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendants Howard Keith Rosvall and ATS Specialized, Inc. invoke the provisions of that rule and do generally deny the allegations now made against them by Plaintiff and his attorney.

2.     At any trial of this cause, Defendants Howard Keith Rosvall and ATS Specialized, Inc. will exercise their legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

## II.
## <u>DEFENSES</u>

3.      Defendants Howard Keith Rosvall and ATS Specialized, Inc. would show that Plaintiff's alleged injuries and damages were proximately caused by Plaintiff's own negligent conduct, both of omission and commission, in one or more of the following respects:

    (a) Inattention while operating a motor vehicle;
    (b) Failing to keep a proper lookout;
    (c) Failing to timely apply his brakes; and
    (d) Failing to control his speed in violation of TEXAS TRANSPORTATION CODE §545.35.

4.      Each of these acts and/or omissions, singularly or in combination with the others, constituted negligence and negligence per se, which proximately caused the occurrence made the basis of Plaintiff's action and all damages alleged in this case.

5.      Defendants are entitled to the full rights and benefits provided by the TEXAS RULES OF CIVIL PROCEDURE and the TEXAS CIVIL PRACTICE & REMEDIES CODE regarding the apportionment of responsibility among responsible persons and upon any judgment
that may be entered in this lawsuit.

6.       Further, Plaintiff's damages and injuries, if any, were proximately caused by preexisting or subsequent medical conditions, physical conditions and/or accidents.

7.      Defendants would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff are recoverable by Plaintiff in this lawsuit. TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

8.      Further, Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax

liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

9.    Pleading further, Defendants state that Plaintiff is not entitled to recover punitive damages or exemplary damages in any form or fashion in his alleged cause of action in that it would violate Defendants' rights under the Constitution of the United States and the Constitution of the State of Texas.

10.    In the alternative, and without waiving the foregoing, Defendants Howard Keith Rosvall and ATS Specialized, Inc. are entitled to the protections afforded to them under TEXAS PRACTICE & REMEDIES CODE ANN. §41.003 et. seq.

### III.
### REQUEST FOR DISCLOSURE

11.    Pursuant to TEX. R. CIV. P. 194, Plaintiff is hereby requested to disclose within 30 days after service of this Original Answer and Request for Disclosure, the information or material listed in Rule 194.2, with such information or material to be produced at Castagna Scott LLP, 1120 S. Capital of Texas Highway, Building 2, Suite 270, Austin, Texas 78746.

### IV.
### JURY DEMAND

12.    Defendants Howard Keith Rosvall and ATS Specialized, Inc. tender their statutory jury fee and demand a trial by jury.

### V.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Howard Keith Rosvall and ATS Specialized, Inc. pray that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff takes nothing by way of his cause of action against Defendants Howard Keith Rosvall and ATS Specialized, Inc., that Defendants are awarded court costs, legal interest,

both prejudgment and post judgment interest, and for such other and further relief to which the

Defendants may be justly entitled, either at law or in equity.


Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By:   */s/ Lynn S. Castagna*
     Lynn S. Castagna
     State Bar No. 03980520
     Lynn@texasdefense.com

**ATTORNEY FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

*<u>VIA E-SERVICE</u>*
Jon B. Olson
The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401

and in accordance with the Texas Rules of Civil Procedure, on the 23rd day of December, 2020.


     */s/ Lynn S. Castagna*
     Lynn S. Castagna